MACHUGA, Plaintiff-Appellee, v. COCA-COLA BOTTLING COMPANY OF YOUNGSTOWN, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3919.   Decided March 28, 1957.

Norman A. Rheuban, Youngstown, for plaintiff-appellee.

Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

The "statement of facts" set forth in defendant's brief state the facts of the case sufficiently fully and accurately to understand the nature of the litigation in the court of common pleas and to serve as the factual statement of this opinion, and are adopted as such:—

"On July 25, 1955 at about 11:00 P. M. plaintiff was lying on her sofa watching television. Her husband and infant daughter were in bed. She became thirsty and went to the refrigerator to get a bottle of Coca-Cola which had been purchaser earlier in the day. The house was dark except for the reflected light from the TV set. She opened the bottle and there was nothing unusual about that act. She returned to the sofa and sipped the coke from the bottle over a period of about five minutes. The coke tasted all right and smelled all right, just as coke should. On the last sip from the bottle she felt a foreign substance in her mouth. She got up, went to the kitchen, turned on the light. and noticed a brown substance stuck to the sides and bottom of the bottle. She awakened her husband to show him the bottle, he came and looked, and then went back to bed. She felt nauseated but did not vomit. She went back to the sofa and continued to watch TV until 2:30 A. M. when she went to the bathroom and had a bout of diarrhea. The diarrhea continued to some extent for three days. At the end of three days she was back to normal, feeling fit, and eating her normal diet. At no time during the three day period did she vomit. At no time did she take any medicine or consult a physician. During the three day period she was able to care for her infant daughter."

A jury in the court of common pleas returned a verdict for plaintiff for $1,000.00. The trial judge overruled defendant's motion for

judgment in its favor notwithstanding the verdict of the jury returned against it, contingently upon plaintiff accepting a remittitur of $300.00, which plaintiff accepted within the time fixed by the trial judge, and the trial judge entered judgment accordingly.

Defendant appealed from the judgment of the trial court to this court on questions of law, and contends that the verdict of the jury and judgment of the trial court entered thereon are not sustained by sufficient evidence, are against the manifest weight of the evidence, and are contrary to law.

In 3 O. Jur., Second, Section 819, Page 809, it is said:—

"Reversal cannot be had on the ground that the judgment is against the weight of the evidence except as a matter of law. It follows that a judgment will not be reversed on this ground merely because the evidence sustaining it is open to suspicion or does not impress the reviewing court; nor because the reviewing court entertains some doubt as to whether such judgment is in fact supported by the weight of the evidence, is not in full accord with the verdict or finding of fact on which it was rendered, is not satisfied that such verdict is right, or thinks that another jury might arrive at a different conclusion or that a contrary verdict might well have been rendered or that the trial judge might well have set the verdict aside; nor because it has views of its own contrary to those expressed by the jury or the court below, or differs in its opinion as to the facts or as to the inferences to be drawn from the facts proved, or would have rendered a different verdict or decided differently if it had heard the case in the first instance. In order to reverse, the reviewing court must be fully and clearly satisfied from an examination of all the evidence and of the whole record, that the judgment is in fact unsupported by, or against the manifest weight of, the evidence, and the court will not be thus satisfied unless there projects from the record some fact or circumstance indicating that the jury lost its way and went in the wrong direction in reaching its verdict, resulting in error and injustice shocking to the senses and to the conscience of the court, and clearly showing that the jury misapprehended the facts or were influenced by sympathy, bias, prejudice, wilful disregard of duty, perversity, corruption, or other improper motives. In other words, there must be impressed upon the evidence a status which shows that the conclusion of the jury is unreasonable, improbable, and illogical to such a degree that it is possible to say that the testimony affords no reasonable foundation for the verdict or findings, or that unbiased, unprejudiced minds could not, from the evidence, have reached the conclusion which was reached by the jury or the trial court. Putting the matter in a different way, it has been stated that a reviewing court can reverse a judgment upon an assignment of error involving the weight of the evidence only when the verdict is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice, and that such a court is not authorized to reverse on such ground unless it is justified in inserting in its journal entry that substantial justice has not been done to the complaining party.

"A reviewing court will not disturb the judgment of the trial court

on the ground of insufficiency of the evidence unless it clearly appears that the conclusion reached cannot be supported by any rational view of the evidence."

In Haley v. Ohio, 332 United States Reports 596, at page 624, it is said:—

"Until a better way is found for testing credibility than by the examination of witnesses in open court, we must give trial courts and juries the wide discretion in this field to which a living record, as distinguished from a printed record, logically entitles them. In this living record there are many guideposts to the truth which are not in the printed record. Without seeing them ourselves, we will do well to give heed to those who have seen them."

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.